TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ANY AND ALL FUNDS SEIZED FROM VARIOUS ACCOUNTS AT BANK OF AMERICA, N.A.,<br><br>       Defendants. | No. 2:22-cv-00826<br><br>**NOTICE OF RELATED CASES** |

    Pursuant to Local Rule 83-1.3.2, notice is hereby given that this case is related to United States v. Zhenyi Qi, Case No. 2:21-cr-0200-RGK (the "Qi Action"). Alternately, this case relates to United States v. Thuan Le, Case No. 2:21-cr-00032-DSF (the "Le Action"), although for the reasons stated herein, the government believes that this case is most-closely related to the Qi Action pursuant to the

Local Rules.[1]

Under L.R. 83-1.3.2, a civil forfeiture action is related to an earlier-filed criminal action where the actions (a) arise from the same or a closely related transactions, happenings, or events; (b) call for determination of the same or substantially related or similar questions of law and fact; and/or (c) involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges.

Through this forfeiture action, the government seeks to forfeit funds seized from hundreds of accounts at Bank of America ("BofA") which were opened in violation of federal anti-money laundering and customer identification regulations, and based on the corruption of BofA bankers through, including other means, bribery.

Qi and Le have each pled guilty for their role in the above-described scheme in the Qi Action and Le Action, respectively, but as described in the Verified Complaint, Qi role's was more substantial and involved opening hundreds of accounts while taking bribes in order to open such accounts in violation of federal regulations and BofA policy; Qi pled to a conspiracy while Le's role was generally one of aiding and abetting Qi; and the government's Verified Complaint relies on information disclosed by Qi during a series of proffer sessions and communications between Qi and his conspirators which were found on Qi's phone.

//
//

---

[1] Qi and Le were arrested pursuant to the same criminal complaint, and made their initial appearances on the same date. Le was indicted, while Qi waived indictment and proceeded by information.

Accordingly, this action is most closely related to the Qi Action, as all three L.R. 83-1.3.2 factors are present here with respect to that action.[2]

DATED: February 7, 2022

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

　/s/ Dan G. Boyle
DAN G. BOYLE
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[2] In contrast, Le's role was substantially less-involved: Le did not cooperate with the government and Le did not plead guilty to a conspiracy, so the Le Action does not involve the same questions of law and fact (i.e., the bribery conspiracy) as the Qi Action and this action do.

3